PUERTO RICO WATER RESOURCES AUTHORITY, Petitioner, *v.* PUERTO RICO LABOR RELATIONS BOARD, Respondent.

No. O-69-258. Decided May 10, 1971.

*José Vela Ruiz, Luis F. Candal, Luis M. Rivera Pérez, Marcelino Delgado Medina,* and *Rafael Buscaglia, Jr.,* for petitioner. *Gilberto Gierbolini,* Solicitor General, *Celia Canales González, José Rodríguez Rosaly,* and *Miguel A. Rivera Arroyo* for respondent.

PER CURIAM: Petitioner requests us to review the Decision and Order of September 24, 1969, of the Labor Relations Board. By said Decision the Board found petitioner guilty of unfair labor practices, in violation of § 8 (1) (a) of the Puerto Rico Labor Relations Act, 29 L.P.R.A. 69 (1) (a). By its Order, the Board ordered petitioner, in synthesis, to cease and desist from intervening in any manner whatsoever with the right of its employees to carry out union activities. Also, as usual in these cases, the Board ordered petitioner to fix, during fifteen days, a notice contained in said Order, by which the employer would inform its employees that it shall not intervene in their aforementioned activities.

Petitioner assigns five errors which may be summarized as follows:

1. That the Board erred in adopting certain findings of fact made by the Trial Examiner, abstaining itself from making conclusions of law with respect to the same.

2. That the Board erred in disregarding the second error assigned by petitioner in its exceptions to the Trial Examiner's report.

3. That the Board erred in concluding that petitioner, illegally intervened with the rights of employees Carmen Tirado Castro, David Colón O'Neill, and José R. Lebrón Esterás.

4. That the Board erred in determining that petitioner violated § 8(1)(a) of the Act, because the former stated that petitioner had not acted in bad faith.

5. That the Board erred in remanding the case to the Trial Examiner, in order that the latter inform as to the damages suffered by some employees of the petitioner.

The findings of fact and conclusions of law in this case are very extensive. They appear in the decision of the Board itself and in the Trial Examiner's report of June 16, 1969. The Board adopted the findings of fact made by the Trial Examiner and also the conclusions of law, although it made some modifications to the latter. Insofar as the order is concerned, the Board substantially agreed with the recommendation of the Trial Examiner.

The first error assigned was not committed. On pages 1 and 2 of its Decision, the Board stated that it had considered the Trial Examiner's report, the exceptions presented by petitioner and the entire record of the case. The Board also stated that it adopted the findings of fact made by the Trial Examiner and that it modified the conclusions of law insofar as they were not in accordance with the findings of the Board. From these exceptions of the Board and from the text of its decision, there appears that the Board adopted the findings of fact and the conclusions of law made by the Trial Examiner, with the aforementioned modifications. It cannot be concluded that the Board did not make conclusions of law. The Board is not bound to make findings of fact or conclusions of law separate from those of the Trial Examiner when it has expressly indicated, as it did in this case, that it adopts said findings, although with the modifications pointed out in its Decision. When the Board adopts, wholly or in part, said

findings, the fact that it fails to repeat them in its Decision as its own does not constitute error. It suffices that it be known to what extent it adopts them, and that appears from the Decision of the Board.

 There is sufficient evidence in the record to support the finding of the Trial Examiner adopted by the Board, concerning a series of acts of the employer which, taken as a whole, present a series of interventions with the union rights of the employees. The Board did not disregard this problem, but it rather considered and settled it by its Decision. The determination of the Board in these aspects is quasi-judicial. There is sufficient evidence in the record to support these findings adopted by the Board. The conclusions of the Board as to the facts, if supported by the evidence, are conclusive. Section 9 of the Act, 29 L.P.R.A. § 70 (2). The second error assigned was not committed.

The third assignment of error also challenges the findings of fact made by the Board as to the employer's interventions with employees Carmen Tirado Castro, David Colón O'Neill, and José R. Lebrón Esterás. Colón O'Neill was one of the Union leaders during the organization campaign. He was one of the persons who appeared before the Board with a petition for representation. He participated in other union activities. The employer communicated to O'Neill that if he continued with such activities, he would be discharged. The result of said communication was that Colón O'Neill suspended his union activities. This employee was called to the office of the Personnel Officer, where it was sought to obtain from him a promise that he would not continue participating in union activities. For that same purpose, the Assistant Director of Personnel, communicated with him. On the date of the occurrence of these facts, the status of Colón O'Neill, as to whether or not the latter could be represented by the petitioner union, had not yet been decided by the Board.

The case of Mrs. Tirado Castro is similar. Without her status having been determined yet, she was called to the office of the employer's attorney and there she was admonished for having participated in union activities. Lebrón Esterás was called to the office of his immediate supervisor for the purpose of obtaining from him a sworn statement where he would admit that he was a supervisor. They called to his attention in the sense that the best that he could do was to sign and avoid problems in the future, because the other supervisors were going to earn more money than he and that he would feel uneasy earning less money and doing the same kind of work. Because the proceedings were still pending, the employer lacked the necessary juridic certainty to determine whether Lebrón Esterás was a supervisor or an employee.

■ These facts and others which we need not mention are the set of facts that caused the Board to conclude that the employer had intervened with the union rights of the employees. From the transcript of the record it appears that those interventions had a considerable impact on the mind of the employer's employees. The third and fourth errors were not committed.

■ The fifth assignment does not contain a reversible error either. The Board could remand the case to the Trial Examiner to receive evidence on the damages sustained, if any, by some of petitioner's employees. Anyway, the point is of little significance because the persons affected showed lack of interest and the case was dismissed.

Since the errors assigned were not committed, the Decision and Order of the Labor Relations Board rendered in this case on September 24, 1969, will be affirmed and petitioner will be ordered to comply with said Order as rendered by the Board.